IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-11-24-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| GREGORY SCOTT HENRY, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Henry of violating his conditions of supervised release by (1) failing to notify his probation officer of a change in his address, and (2) failing to report for urinalysis testing. Mr. Henry admitted to the violations. His supervised release should be revoked, and he should be sentenced to four months in custody, with forty-four months of supervised release to follow, to include two months in Connections Corrections and six months at a Residential Reentry Center.

## II. Status

Mr. Henry pleaded guilty to Possession with Intent to Distribute and Distribution of Methamphetamine on April 26, 2011. (Doc. 23.) United States District Judge Sam Haddon sentenced him to eighty-six months in custody, with forty-eight months of supervised release to follow, on August 22, 2011. (Doc. 34.)

The United States Probation Office filed a Report on Offender Under Supervision on June 15, 2016, because Mr. Henry admitted to using methamphetamine. (Doc. 48.) United States District Judge Brian Morris allowed him to continue his supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on July 28, 2016, accusing Mr. Henry of violating the conditions of his supervised release by (1) failing to notify his probation officer of a change in his address, and (2) failing to report for urinalysis testing. (Doc. 49.)

**Initial appearance**

Mr. Henry appeared before the undersigned for an initial appearance on December 13, 2016, in Great Falls, Montana. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Henry said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the

revocation hearing before the undersigned. The Court continued the revocation hearing to give the Probation Office an opportunity to determine placement options at Connections Corrections.

**Revocation hearing**

Mr. Henry admitted he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Henry's violation grade is Grade C, his criminal history category is IV, and his underlying offense is a Class B felony. He could be incarcerated for up to thirty-six months. He could be ordered to remain on supervised release for forty-eight months, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Branom recommend sentence of four months in custody followed by forty-four months of supervised release, the first two of which should be spent at Connections Corrections and the next six months at a Residential Reentry Center. Mr. Henry exercised his right of allocution and stated that he understands that his methamphetamine use not only hurts him but also hurts his family. Mr. Weldon agreed with Mr. Branom's recommendation.

### III.   Analysis

Mr. Henry's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to four months in custody, with

forty-four months of supervised release to follow, the first two of which should be spent at Connections Corrections and the next six months at a Residential Reentry Center. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Henry was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Gregory Scott Henry violated the conditions of his supervised release by (1) failing to notify his probation officer of a change in his address, and (2) failing to report for urinalysis testing.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Henry's supervised release and committing him to the custody of the United States Bureau of Prisons for four months, with forty-four months of supervised release to follow, the first two of which should be spent at Connections Corrections and the next six months at a Residential Reentry Center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

# RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of January 2017.

John Johnston
United States Magistrate Judge