# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY SCOTT HENRY,<br><br>Defendant. | CR 11-24-GF-BMM-JTJ<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Gregory Scott Henry (Henry) has been accused of violating the conditions of his supervised release. Henry admitted alleged violations 1 and 2. Henry admitted alleged violation 3 in part, and denied alleged violation 3 in part. Henry admitted that he had committed the misdemeanor crimes referenced in alleged violation 3. Henry denied that he had committed the felony crime referenced in alleged violation 3. Henry denied alleged violation 4. The government did not attempt to prove the alleged violations that Henry denied. Henry's supervised release should be revoked. Henry should be incarcerated for 8 months, with 28 months of supervised release to follow. Henry should receive credit for time served on the related state court charges. Henry should be required

to attend and successfully complete an inpatient substance abuse treatment program while on supervised release. Henry should be required to apply for acceptance into a sober living program upon his completion of the inpatient substance abuse treatment program. If accepted, Henry should be required to successfully complete the sober living program and abide by all rules and regulations of the sober living facility.

## II. Status

Henry pleaded guilty to Distribution of Methamphetamine on April 26, 2011. (Doc. 22). The Court sentenced Henry to 86 months of custody, followed by 4 years of supervised release. (Doc. 34). Henry's current term of supervised release began on November 1, 2019. (Doc. 79 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Henry's supervised release on January 8, 2020. (Doc. 79). The Petition alleged that Henry had violated the conditions of his supervised release: 1) by failing to a reside at a Residential Reentry Center; 2) by using methamphetamine; 3) by committing other crimes; and 4) by possessing methamphetamine.

**Initial appearance**

Henry appeared before the undersigned for his initial appearance on

March 27, 2020. Henry was represented by counsel. Henry stated that he had read the petition and that he understood the allegations. Henry waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 17, 2020. Henry admitted that he had violated the conditions of his supervised release: 1) by failing to a reside at a Residential Reentry Center; 2) by using methamphetamine; and 3) by committing misdemeanor crimes. Henry denied that he had committed the felony crime referenced in alleged violation 3, and Henry denied alleged violation 4. The government did not attempt to prove the alleged violations that Henry denied. The violations that Henry admitted are serious and warrant revocation of Henry's supervised release.

Henry's violations are Grade C violations. Henry's criminal history category is IV. Henry's underlying offense is a Class B felony. Henry could be incarcerated for up to 36 months. Henry could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Henry's supervised release should be revoked. Henry should be incarcerated for 8 months, with 28 months of supervised release to follow. Henry should receive credit for time served on the related state court charges. Henry should be required to attend and successfully complete an inpatient substance abuse treatment program while on supervised release. Henry should be required to apply for acceptance into a sober living program upon his completion of the inpatient substance abuse treatment program. If accepted, Henry should be required to successfully complete the sober living program and abide by all rules and regulations of the sober living facility. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Henry that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Henry of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Henry that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Henry stated that he wished to waive his right to object to these Findings and Recommendations, and

that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

>That Gregory Scott Henry violated the conditions of his supervised release: by failing to a reside at a Residential Reentry Center; by using methamphetamine; and by committing misdemeanor crimes.

The Court **RECOMMENDS:**

>That the District Court revoke Henry's supervised release and commit Henry to the custody of the United States Bureau of Prisons for a term of 8 months, with 28 months of supervised release to follow. Henry should receive credit for time served on the related state court charges. Henry should be required to attend and successfully complete an inpatient substance abuse treatment program while on supervised release. Henry should be required to apply for acceptance into a sober living program upon his completion of the inpatient substance abuse treatment program. If accepted, Henry should be required to successfully complete the sober living program and abide by all rules and regulations of the sober living facility.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of March, 2020.

John Johnston
United States Magistrate Judge